IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

HAZEL REED                                              PLAINTIFF

VS.                         CIVIL ACTION NO. 5:21-cv-00059-DCB-BWR

STATE FARM FIRE AND CASUALTY COMPANY                    DEFENDANT

<u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION</u>

<u>FOR SUMMARY JUDGMENT</u>

BEFORE THE COURT is State Farm Fire and Casualty Company's ("Defendant") Motion for Summary Judgment ("Motion"). [ECF No. 44]. The Court having examined the Motion, the parties' submissions, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.   Procedural and Factual Background

Hazel Reed ("Plaintiff") rented a home in Port Gibson, Mississippi, for $650 per month plus utilities.[1] [ECF No. 44-9] at 33. In September 2019, after living with her family of six in that home for several years, Plaintiff purchased a $100,000

---

[1] Plaintiff paid for her rent, utilities, and other living expenses via income derived from her work as a phlebotomist at Claiborne County Hospital that averages between $1,500 to $2,000 per month, regular payments from a married couple of lawyers who are "companions" of Plaintiff that average $3,000 per month, and Social Security payments of approximately $1,200 per month. [ECF No. 46-1] at 22-27.

1

renter's insurance policy, citing electrical wiring concerns. Id. at 15-16; [ECF No. 44-24] at 3. On October 29, 2019, a fire destroyed the rental home. [ECF No. 44-9] at 28.

On November 1, 2019, Plaintiff filed an insurance claim. [ECF No. 44-2]. A State Farm Claims representative followed up that same day and requested an itemized list of personal property along with documentation of ownership. Id. at 3.

Twelve days later, Plaintiff faxed a handwritten list of claimed property losses that totaled over $165,000, including a very generally described set of entries for $22,000 worth of clothing, a box spring set for more than $10,000, a $9,950 lawn mower[2], a $4,500 generator, and thousands of dollars of living room furniture. [ECF No. 44-3] at 3-10. In the inventory, Plaintiff claimed that she purchased $59,000 worth of items in the year preceding the fire.[3] Id. No documentation of ownership was included with that submission. Id.

---

[2] Michael Cox, owner of Mel Luna Saw Company, Inc., where Plaintiff claims to have purchased the lawn mower, submitted a sworn affidavit confirming that no record or receipt of a lawnmower being sold to Plaintiff exists. [ECF No. 44-22] at 2. Despite filing a claim for this lawnmower, Plaintiff later testified in her March 29, 2021, deposition that she was unsure whether this lawnmower was damaged in the fire. [ECF No. 44-10] at 15.

[3] Defendant's forensic accountant expert, Stephanie Smith, CPA, CFF, signed an affidavit stating that based on Plaintiff's testimony regarding income and an analysis of normal expenses for a family of that size, "it would not have been possible for [Plaintiff] to have purchased all of the items she claimed within the time period she claimed." [ECF No. 44-23] at 3.

Defendant requested more specific information regarding the claims for clothing along with documentation of ownership for all entries. [ECF No. 44-4] at 2-3. On December 8, 2019, Plaintiff responded with a typed, itemized log for $48,000 worth of clothing, more than double the initial claim for this item. [ECF No. 44-5] at 3-5. Again, Plaintiff did not provide any documentation of ownership. Id.

With the request for documentation of ownership still pending, Defendant paid $10,103.56 on Plaintiff's claim on December 20, 2019, and an additional $2,841.35 on January 9, 2020, following more discussion with Plaintiff. [ECF No. 44-6] at 3; [ECF No. 44-7] at 5. Still, Plaintiff never provided any documentation of ownership, proof of purchase, or receipts for any of the claimed property, despite Defendant's multiple requests for such. [ECF No. 46-1] at 82-83.

Plaintiff alleges that she has no such documentation or proof of purchase or ownership. Id. at 73-76. She claims she paid cash for some items, paid via a Netspend card[4] for others, and made online purchases at places such as Walmart, Macy's, Wayfair, Dillard's, and Amazon without either creating a customer account or providing an email address to which a receipt could be sent. Id. at 73-76, 97; [ECF No. 44-10] at 7.

---

[4] A Netspend card is a Visa prepaid debit card.

3

Creating such an account with an email address is in fact required when making purchases from online vendors such as these. [ECF No. 44-23] at 2. Plaintiff confirmed she has made no effort to locate email receipts for the claimed property that she allegedly purchased online. [ECF No. 46-1] at 72-73.

Additionally, Plaintiff alleges she purchased multiple items of the claimed property with her Netspend card that cost approximately $10,000. Id. at 126-27; [ECF No. 44-23] at 2. However, the Netspend card has a daily limit of $5,000, which Plaintiff denied knowing. [ECF No. 44-10] at 14; [ECF No. 44-23] at 2.

Following the rental house fire, Plaintiff resided with a relative, Cassandra Williams, for a few weeks until alternative housing could be arranged. [ECF No. 46-1] at 9. State Farm paid Cassandra Williams $1,575 for this lodging. [ECF No. 44-19] at 3. Then, State Farm paid a hotel in Vicksburg $11,734.26 for lodging for Plaintiff and her family until January 31, 2020. Id.; [ECF No. 46-1] at 9. Plaintiff then signed another rental lease for $525 per month plus utilities. Id. at 64.

The insurance policy only required that State Farm pay _additional_ living expenses that were submitted to it and caused by the fire. [ECF No. 44-24] at 6, 8. Thus, Plaintiff paid the hotel in Vicksburg approximately $1,000 for lodging. [ECF No.

4

47] at 7. Plaintiff's ordinary rent for the period would have exceeded that amount. [ECF No. 44-9] at 33. State Farm paid $12,760.80 on Plaintiff's behalf for the cost of additional living expenses through January 31, 2020, when Plaintiff arranged a new rental lease, which eliminated the need for additional living expense payments. [ECF No. 44-19] at 3. Plaintiff never submitted any request for reimbursement for any additional living expenses, and as such, State Farm only paid them for the cost of lodging at the Vicksburg hotel and costs associated with lodging with Cassandra Williams. [ECF No. 46-1] at 62-64.

Despite Defendant's repeated, continued requests for documentation of ownership in February and March 2020, Plaintiff provided none. [ECF No. 44-11]; [ECF No. 44-12]. With no documentation to support Plaintiff's claim, Defendant closed its handling of Plaintiff's claim pending receipt of the previously requested documentation. [ECF No. 44-21] at 2.

On June 3, 2021, Plaintiff filed suit in the Circuit Court of Claiborne County, Mississippi, against Defendant for claims of breach of contract, negligence, gross negligence, insurance bad faith, intentional infliction of emotional distress, and negligent infliction of emotional distress, while asserting

5

compensatory damages of $750,000 and punitive damages of $5,000,000. [ECF No. 1-1] at 9-11.

Defendant filed a Notice of Removal to the Southern District of Mississippi on June 29, 2021, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [ECF No. 1] at 1. In the course of litigation, Defendant filed the instant Motion on August 15, 2022. [ECF No. 44] at 1.

II. Standard

Summary judgment is appropriate, pursuant to Rule 56 of the Federal Rules of Civil Procedure, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A party cannot defeat a properly supported summary judgment motion by directing the Court to conclusory allegations or presenting only a scintilla of evidence. Lincoln v. Scott, 887 F.3d 190, 195 (5th Cir. 2018).

The evidence must be reviewed in a light most favorable to the nonmoving party. Vann v. City of Southaven, Miss., 884 F.3d 307, 309 (5th Cir. 2018); Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P., 627 F.3d 134, 138 (5th Cir. 2010). The Court neither

6

assesses credibility nor weighs evidence at the summary-judgment stage. Wells v. Minnesota Life Ins. Co., 885 F.3d 885, 889 (5th Cir. 2018). Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

III. Analysis

Plaintiff's claims stem from alleged breaches and violations regarding the additional living expense coverage, the damage to property coverage (collectively, the contractual claims), and the claims of bad faith and extra-contractual damages. [ECF No. 1-1] at 9-10. This Court will analyze these claims in that order.

A. Additional Living Expense Coverage Claims

State Farm's policy provides the following:

> Additional Living Expense When a Loss Insured causes the residence premises to become uninhabitable, we will cover the necessary increase in cost you incur to maintain your standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of: (a) the time required to repair or replace the premises; (b) the time required for your household to settle elsewhere; or (c) 24 months. This coverage is not reduced by the expiration of this policy.

7

[ECF No. 45] at 6-7.

State Farm paid $12,760.80 for Plaintiff's additional living expenses from the destruction of her rental house until she settled elsewhere on February 1, 2020. [ECF No. 44-19] at 3. Plaintiff was only ultimately made responsible for $1,000 in lodging during that three-month window. [ECF No. 47] at 7. That amount was below her normal living expenses, so it conformed with the insurance policy. [ECF No. 44-24] at 6, 8.

Plaintiff alleges that Defendant failed to pay for other additional living expenses. [ECF No. 1-1] at 7. However, the policy only required the Defendant to pay such expenses that Plaintiff submitted to it. [ECF No. 44-24] at 6, 8. Defendant avers that Plaintiff submitted no other request for reimbursement regarding additional living expenses other than the temporary lodging, which Defendant paid to the extent required. [ECF No. 46-1] at 62-64.

Plaintiff alleges that there exists an issue of fact for these claims. [ECF No. 46] at 1-3. Although she has provided scant evidence, the Court will reserve ruling until such time as the case goes to trial on its merits, inasmuch as there are other issues which will also be reserved for trial. Summary judgment should be denied as to this claim.

      B. Damage to Property Coverage Claims

State Farm's policy provides the following:

> 2. Your Duties After Loss. After a loss to which this insurance may apply, you shall see that the following duties are performed: . . .
>
>     c. prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory; d. as often as we reasonably require: . . .
>
>       (2) provide us with records and documents we request and permit us to make copies; (3) submit to and subscribe, while not in the presence of any other insured:
>
>         (a) statements; and
>
>         (b) examinations under oath; . . .

[ECF No. 45] at 7-8.

    The policy required that Plaintiff provide documentation confirming proof of ownership of property that Plaintiff claimed was destroyed in the fire. [ECF No. 44-24]. Defendant repeatedly requested this documentation. [ECF No. 44-2] at 3; [ECF No. 44-4] at 2-3; [ECF No. 46-1] at 82-83. Still, Plaintiff never provided any documentation of ownership, proof of purchase, or receipts for any of the claimed property, despite Defendant's multiple requests. [ECF No. 46-1] at 82-83.

9

Although Plaintiff alleges that many of the destroyed items were purchased online, she failed to check her email to search for documentation that would support her claims. [ECF No. 46-1] at 72-73. Defendant asserts that Plaintiff's failure to provide additional documentation violated the requirements of the insurance policy. [ECF No. 45] at 7-13.

"Moreover, 'where a policy requires production of documents in support of a claim, a refusal by the insured to produce for examination written documents which are pertinent and material to the insurance and loss is a bar to recovery under the policy.'" S. Pilot Ins. Co. v. Brewer, 125 F.3d 852 (5th Cir. 1997) (quoting United States Fidelity and Guaranty Co. v. Conaway, 674 F.Supp. 1270, 1273 (N.D.Miss.1987) (citing Southern Guaranty Ins. Co. v. Dean, 172 So.2d 553, 556 (Miss.1965))).

Plaintiff did submit two separate logs of claimed property. [ECF No. 44-3] at 3-10; [ECF No. 44-5] at 3-5. Accordingly, an issue of fact exists as to whether the documentation provided satisfies the requirements of the insurance policy. Summary judgment should be denied as to this claim.

### C. Bad Faith and Extra-Contractual Damages Claims

In determining whether an insurer had an arguable reason for its decision, and in order to determine whether bad faith

and extra-contractual damages claims are meritorious, Mississippi applies the directed verdict test. "Under this test, unless the insured would be entitled to a directed verdict on the underlying insurance claim, an arguable reason to deny the insurance claim exists in most instances." Dunn v. State Farm Fire & Cas. Co., 927 F.2d 869 (5th Cir. 1991); see also, Tipton v. Nationwide Mut. Fire Ins. Co., 381 F.supp.2d 572, 579 (S.D. Miss. 2004).

A directed verdict is permissible only when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." F.R.C.P Rule 50. The overwhelming weight of the evidence presented by Defendant in this case would preclude a directed verdict, and therefore, Plaintiff's bad faith and extra-contractual damages claims.

Although Plaintiff asserts that the directed verdict test is inapplicable because Defendant paid part of her claim, she cites no case law confirming such inapplicability. [ECF No. 48] at 14-15. Furthermore, the supra discussion of Plaintiff's contractual claims also confirms that Defendant had an arguable reason to not pay the full amount claimed, thus precluding claims for bad faith and extra-contractual damages.

11

A plaintiff seeking punitive damages on an alleged bad faith insurance claim has the heavy burden of demonstrating to the trial court that there was no arguable or legitimate basis for the insurance company's position. Mitchell v. State Farm Fire & Casualty Co., 954 F.3d 700, 707-08 (5th Cir. 2020). Again, the supra discussion provides ample basis for refusal, namely the lack of supporting documentation as required. [ECF No. 44-24].

Nor has Plaintiff proven by clear and convincing evidence that the Defendant "acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud," which is required in a claim for punitive damages in Mississippi. Illinois Cent. R. Co. v. Young, 120 So.3d 992, 1014 (2012) cert. den. 121 So.3d 992 (Miss. 2013) quoting Miss. Code Ann. § 11-1-65(1)(a).

No material fact exists as to whether Defendant had an arguable basis for refusing to pay Plaintiff's entire claimed loss and Defendant is entitled to the dismissal of the bad faith and extra-contractual claims as a matter of law.

IV. Conclusion

Summing up, some of the claims submitted by the Plaintiff appear inflated, if not spurious. Others barely exceed the

12

legitimacy threshold, but by so doing, the Plaintiff has submitted a borderline presentation of facts, which inhibit summary judgment on some of the issues above discussed. These will be carefully considered at trial during which the Court must determine whether there is sufficient evidence for jury determination.

Accordingly, Defendant's Motion for Summary Judgment [ECF No. 44] is DENIED IN PART as to Plaintiff's Additional Living Expense Coverage Claims and Damage to Property Coverage Claims and GRANTED IN PART as to Plaintiff's Bad Faith and Extra-Contractual Damages Claims.

SO ORDERED this 26th day of September, 2022.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE